## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR MACLAUGHLIN )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>WORLDWIDE ASSET PURCHASING II LLC )<br>and )<br>WEST ASSET MANAGEMENT, INC. )<br>and )<br>TITAN MANAGEMENT SERVICES, LLC )<br>and )<br>ASSET MANAGEMENT PROFESSIONALS, )<br>LLC )<br>)<br>Defendants. )<br>) | Civil Action No. |

## COMPLAINT
## UNLAWFUL DEBT COLLECTION PRACTICES

### I.  INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II.  JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III.  PARTIES

4. Plaintiff Victor MacLaughlin is an adult individual residing at 429 ½ 28th St.,

Hermosa Beach, CA 90254.

5.      Defendant Worldwide Asset Purchasing II LLC (hereafter Defendant or "WAP") is a business entity regularly engaged in the business of collecting debts nationwide with its principal place of business located at 2 Ravina Drive, #1750, Atlanta, GA 30308.  The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6.      Defendant West Asset Management, Inc. (hereafter Defendant or "WAM") is a business entity regularly engaged in the business of collecting debts nationwide with its principal place of business located at 2711 Centerville Road, Suite 400, Wilmington, DE 19808.  The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

7.      Defendant Titan Management Services, LLC (hereafter Defendant or "TMS") is a business entity regularly engaged in the business of collecting debts nationwide with its principal place of business located at 2704 Commerce Drive, Harrisburg, PA 17110.  The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

8.      Asset Management Professionals, LLC (hereafter Defendant or "AMP") is a business entity regularly engaged in the business of collecting debts nationwide with its principal place of business located at 665 Molly Lane, Suite 110, Woodstock, GA 30189.  The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV.   FACTUAL ALLEGATIONS

9. At all pertinent times hereto, Defendants WAM, TMS and AMP were hired by Defendant WAP to collect a debt relating to consumer purchases that were allegedly originally owed to Bank of America (hereafter the "debt").

10. The alleged debt at issue arose out of a transaction that was primarily for personal, family or household purposes.

11. On or about May 20, 2007, Plaintiff called and spoke with a male representative of Defendant WAM identifying himself as "Terrence", during which Plaintiff and Defendant WAM entered into an agreement pursuant to which Plaintiff would make a payment of $10,000.00 by electronic check, on May 29, 2007, in full settlement and satisfaction of the debt.

12. On May 29, 2007, Plaintiff called Defendant WAM to make the $10,000.00 payment and did in fact make a $10,000.00 payment by electronic check to Defendant WAM on that same date.

13. During the same telephone call on May 29, 2007, Plaintiff requested to "Terrence" that Defendant WAM provide him with written confirmation by letter stating that the $10,000.00 payment satisfied the debt in full.

14. Notwithstanding the above, for a period of approximately one and a half months, Defendant WAM failed to provide written confirmation that Plaintiff had satisfied the debt via his $10,000.00 payment.

15. On or around July 17, 2007, after multiple requests by Plaintiff, Defendant WAM provided to Plaintiff a letter confirming that it had received Plaintiff's "settlement of $10,000.00 on May 29, 2007" and that "this matter is closed."  (hereafter the "Settlement Letter").

16. Notwithstanding the above, on or around March 28, 2008, Defendant TMS sent a

letter to Plaintiff falsely representing that Plaintiff still owed the debt and in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted.

17. In response to the above, on or about April 1, 2008, Plaintiff called TMS and spoke with a male representative of TMS identifying himself as "James". On that same date, Plaintiff faxed the Settlement Letter to "James" and called him to confirm that TMS had received the Settlement Letter.

18. During that same telephone conversation, "James" of TMS confirmed that he had received the Settlement Letter, that the debt was satisfied, and that they "would take [Plaintiff] off the books."

19. Notwithstanding the above, on or around May 2, 2008, Defendant AMP sent a letter to Plaintiff falsely representing that Plaintiff still owed the debt and in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted.

20. In response to the above, on or about May 12, 2008, Plaintiff called TMS and spoke with a female representative of AMP identifying herself as "Tia". On the following day, on May 13, 2008, Plaintiff faxed the Settlement Letter to "Tia" and called her to confirm that AMP had received the Settlement Letter.

21. During that same telephone conversation, "Tia" of AMP confirmed that she had received the Settlement Letter, that the debt was satisfied, and that "it was obvious that [Plaintiff] had paid it."

22. On or around May 13, 2008, Plaintiff called Defendant WAM and spoke with a male representative identifying himself as "Pat". Plaintiff explained to "Pat" that Plaintiff was still being pursued by debt collectors on the satisfied debt. Plaintiff requested that Defendant WAM cease all further attempts to collect the satisfied debt, to which "Pat" responded that "the

account should be closed" but that Plaintiff needed to speak with a manager because "Pat" "couldn't do anything else." "Pat" provided Plaintiff with the telephone number of a female manager at WAM.

23. On that same date, on or around May 13, 2008, Plaintiff called the telephone number given to him by "Pat" but was unable to reach the WAM manager in person. Plaintiff was only able to leave a voice message for the female manager of WAM, and did so on that date.

24. To date, Plaintiff has not been contacted by the female manager of WAM, or any other representative of WAM, in response to Plaintiff's request that WAM cease all further attempts to collect the satisfied debt.

25. Defendants acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such persons in connection with the collection of a debt, including but not limited to the false representation of the amount, character or legal status of a debt.

26. Defendants acted in a false, deceptive, misleading and unfair manner when they attempted to collect a debt which they knew or should have known was paid by Plaintiff.

27. Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review their actions to insure compliance with said laws.

28. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

29. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

30. As a result of Defendants' conduct, Plaintiff has sustained actual damages including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, out-of-pocket expenses, damage to Plaintiff's credit, physical, emotional and mental pain and anguish and pecuniary loss, and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V.   VIOLATION OF THE FDCPA

31. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. Defendants are "debt collector(s)" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

33. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

34. The above contacts between Defendants and Plaintiff are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

35. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, violations of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(10) and 1692f as evidenced by the following conduct:

    (a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

    (b) Falsely representing the amount, character or legal status of a debt;

      (c)      Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

36. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

37. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

      (a)      That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

      (b)      That judgment be entered against Defendants for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      (c)      That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

      (d)      That the Court grant such other and further relief as may be just and proper.

## VII. JURY TRIAL DEMAND

38. Plaintiff demands trial by jury on all issues so triable.

                          **RESPECTFULLY SUBMITTED,**

                          **FRANCIS & MAILMAN, P.C.**

                          BY: */s/ Mark D. Mailman*
                               MARK D. MAILMAN, ESQUIRE
                               JAMES A. FRANCIS, ESQUIRE
                               JOANNE Y. PARK, ESQUIRE
                               Attorneys for Plaintiff
                               Land Title Building, 19th Floor
                               100 South Broad Street
                               Philadelphia, PA 19110
                               (215) 735-8600

Date: July 18, 2008